**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| MICHAEL A. LUKE and LORETTA S. BRUCE,<br><br>Plaintiffs,<br><br>v<br>SEAN PERSIN, et al.,<br><br>Defendants. | ) | Cause No. 4:26-cv-85 |

**OPINION AND ORDER**

Michael A. Luke and Loretta S. Bruce ("Plaintiffs"), proceeding *pro se*, filed a complaint and a motion to proceed *in forma pauperis*. [DE 1; DE 2.] Because Plaintiffs wish to proceed *in forma pauperis*, their complaint is governed by 28 U.S.C. § 1915(e)(2)(B), which requires the dismissal of (1) "frivolous" claims, § 1915(e)(2)(B)(i), *see Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) complaints that fail to state a claim, § 1915(e)(2)(B)(ii), *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999); and (3) complaints that seek monetary damages against a defendant who is immune from such damages, § 1915(e)(2)(B)(iii). Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. *See Vey*, 520 U.S. at 937 (applying § 1915(e)(2)(B)(i) to non-inmate); *Jaros*, 684 F.3d at 669 n.1 (explaining that § 1915(e)(2) screening applies to non-prisoner suits). Courts apply the same legal standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing Plaintiffs' complaint, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in their favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). Moreover, as Plaintiffs are proceeding *pro se*, the court will liberally construe their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Plaintiffs' complaint fails to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii). Plaintiffs sue Indiana Judge Sean Persin, a guardian *ad litem* named Sybil Sharelle, and Tippecanoe County Child Welfare Services. The complaint contains five sentences of facts, alleging that the guardian ad litem entered hearsay evidence at a hearing that Judge Persin accepted, that Judge Persin erroneously ruled that another individual was better suited to take care of Loretta Bruce's child than they were,[1] and that the Tippecanoe Child Welfare Services had "fraudulently accepted Title 4-D federal funds." [DE 1, 2; DE 2, 2.]

It is not clear under what legal grounds Plaintiffs are seeking relief, but the facts provided suggest that whatever claims could be made under these facts would be improper. First, the claim against the guardian *ad litem* appears to be that she moved to enter evidence that Plaintiffs consider to be inadmissible. That is the only fact provided

---

[1] The child is not identified as being Loretta Bruce's in the complaint, but the fact is included in Plaintiffs' motion to proceed *in forma pauperis*.

about the guardian *ad litem* at all in the complaint. This is related to the claims against Judge Persin, which appear to be about him allowing in the evidence that the guardian *ad litem* moved to enter, and ruling that Plaintiffs should not get custody of the child. To the extent these allegations state a claim, they would be blocked by the Rooker-Feldman doctrine. *Martin v. Heuer*, 2012 WL 1862325, at *1 (7th Cir. 2012) (affirming dismissal of *pro se* complaint under 28 U.S.C. § 1915(e)(2)(B) because "Martin's claims against Judges Laur and Heuer amount to attacks on the state-court judgment against Martin, and the district court correctly concluded that it lacked jurisdiction over those claims under *Rooker–Feldman*"); *Powell v. U.S. Bank Na. Ass'n*, 2024 WL 3812292, at *1 (7th Cir. Aug. 21 2024) (stating that the Rooker-Feldman "doctrine bars federal district courts from hearing cases brought by state court losers who complain of injuries caused by state-court judgments and seek review and rejection of those judgments."). If the Plaintiffs feel aggrieved by the actions of the Tippecanoe County Court system, the remedy they should seek is an appeal of those decisions to the state appellate court.

As for the claim against the Tippecanoe County Child Welfare Services for allegedly fraudulently accepting federal funds, Plaintiffs have failed to provide any allegations about how this caused them specific and concrete harm so as to confer standing. At most, this would appear to be a generalized harm, which is insufficient. *Carney v. Adams*, 592 U.S. 53, 58 (2020) ("[A] grievance that amounts to nothing more than an abstract and generalized harm to a citizen's interest in the proper application of the law does not count as an "injury in fact." And it consequently does not show standing.").

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). In this case, the issues with the claims are not ones that could be fixed with an amendment. There are substantive issues stopping proper claims being stated on these facts. Thus, I will not grant leave to amend, and the case will be dismissed.

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and the motion to proceed in forma pauperis [DE 2] is **DENIED**.

SO ORDERED.

ENTERED: August 20, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT